ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRENDA MOORE on behalf of G.J.,** a minor child, ) ) ) **Plaintiff,** ) ) vs. ) ) ) **ERICKSON THORNTON., et. al,** ) ) **Defendants.** ) _____) | Case No. 11-4003-JAR |

## AMENDED MEMORANDUM AND ORDER

This lawsuit was filed *pro se* by Brenda Moore on behalf of a minor child, G.J. Judge Sebelius granted Moore leave to proceed in forma pauperis (Doc. 3). Plaintiff's Complaint alleges that defendants, employees of G.J.'s school, discriminated against him because of his sex and disability, and slandered him.

By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's Complaint must be reviewed and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek monetary relief against a defendant who is immune, then the court must dismiss the case. It is well-established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se applicant's complaint

liberally.[1]

Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding in forma pauperis.[3]

Under *Meeker v. Kercher*,[4] plaintiff's Complaint must be dismissed because a minor child may not bring suit through a *pro se* party acting as next friend. The Court should raise this issue *sua sponte*.[5] Moreover, there is no indication in the Complaint that Moore is a representative that may sue on behalf of G.J., even if she was represented by counsel, because she is not his guardian, conservator, or other like fiduciary.[6] For these reasons, the Court dismisses plaintiff's Complaint without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: February 7, 2011

                 S/ Julie A. Robinson
                 JULIE A. ROBINSON
                 UNITED STATES DISTRICT JUDGE

---

[1] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[2] *See Jones v. Barry*, 33 F. App'x 967, 971 2002 WL 725431 (10th Cir. Apr. 25, 2002).

[3] *See Alexander v. Wichita Hous. Auth.*, Case No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (citations omitted).

[4] 782 F.2d 153, 154 (10th Cir. 1986).

[5] *See Oltremari by McDaniel v. Kan. Social & Rehab. Servs.*, 871 F. Supp. 1331, 1361–62 (D. Kan. 1994).

[6] Fed. R. Civ. P. 17(c).